**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE**
**50 WALNUT STREET, P.O. BOX 419**
**NEWARK, NJ  07101-0419**
**(973) 645-6340**



**WILLIAM J. MARTINI**
     **JUDGE**

**LETTER OPINION**

January 11, 2010

Ashman Green
739 Springdale Avenue
East Orange, NJ 07017
     *Pro Se Plaintiff*

Hillary Ann Fraenkel
Marshall, Dennehy, Warner, Coleman & Goggin, PC
425 Eagle Rock Avenue
Suite 302
Roseland, NJ 07068
     *Attorneys for Defendant*

     Re:   *Ashman Green v. NCO Inovision*
              Civil Action No. 09-410

Dear Litigants:

     This matter comes before the Court on the motion of Defendant NCO Financial
Systems, Inc. ("NCO")[1] for summary judgment, or in the alternative, for dismissal for
failure to state a claim.  There was no oral argument.  Fed. R. Civ. P. 78.  For the reasons
set forth below, NCO's motion shall be treated as a Motion to Dismiss pursuant to Fed.
R. Civ. P. 12(b)(6), the Motion to Dismiss is **GRANTED**, and Plaintiff's Complaint is
**DISMISSED WITH PREJUDICE**.

---

[1] Defendant asserts that it has been incorrectly identified as NCO Inovision in the Complaint and that its true name
is NCO Financial Systems, Inc.

## I.      BACKGROUND

Plaintiff Ashman Green ("Green") is a *pro se* litigant and a consumer with outstanding debts.  Defendant NCO is a debt collection agency ("DCA").  In its capacity as a DCA, NCO furnishes credit reporting agencies with information about outstanding consumer debts.  NCO has provided multiple credit reporting agencies with information pertaining to Green's outstanding consumer debts.

Plaintiff filed a Complaint in the Superior Court of New Jersey in July 2009. Defendant timely removed the case to federal court.  The Complaint alleges violations of the "Fair Reporting Act" (presumably the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.), violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and defamation.  In support of these claims, Plaintiff makes the following statements: (1) Defendant has place[d] a collection account on Plaintiff's personal credit files [with] Experian, Equifax, and Trans Union; (2) Plaintiffs [sic] has no agreement with Defendant, nor enter into an agreement with Defendant; (3) Defendant has no licensed [sic] to collect this debt in the state of New Jersey, which has past [sic] the Statute of Limitations; and (4) Defendant has cause[d] Plaintiff to be denied an opportunity to purchase his home because of these actions.[2]  (Pl. Cmplt. ¶¶ 1-5).[3]  The Complaint contains no other facts or allegations.

Defendant has filed a motion for summary judgment, or in the alternative for dismissal, on the grounds that even taking all of Plaintiff's allegations as true, they fail to state a legally cognizable claim.  Plaintiff has not filed any opposition to Defendant's motion.

## II.     ANALYSIS
### A.      Standard of Review

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).  When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may take into account only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.  *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears that no relief could be granted "under any set of facts that could be proved consistent with the allegations," a court may dismiss a complaint for failure to state a claim.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Although a complaint does not need to contain detailed factual allegations, "the 'grounds' of [the plaintiff's] 'entitlement to relief' requires more than labels and

---

[2] In fact, it is difficult to tell whether these four statements represent supporting facts or additional claims.  Given Plaintiff's pro se status and out of an abundance of caution, the Court will treat them as both.

[3] Plaintiff's Complaint does not contain numbered paragraphs.  However, it contains six paragraphs which the Court will refer to as paragraphs 1 through 6, respectively, for the purposes of this opinion.

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).  Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level.  *See id*. at 1964-65.  Furthermore, although a court must view the allegations as true in a motion to dismiss, it is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations."  *Baraka v. McGreevey*, 481 F. 3d 187, 211 (3d Cir. 2007).

### B.      Standard for Evaluating an Unopposed Motion
New Jersey Local Rule 7.1(d) governs the filing of motion papers in the District of New Jersey.  L.Civ.R. 7.1(d).  The rule mandates that papers in opposition to a motion must be filed with the Clerk of the Court 14 days prior to the motion day.  L.Civ.R. 7.1(d)(2).  The rule does not state the penalty for failure to do so.  However, the Third Circuit has routinely held that except in very narrow circumstances in which the decision not to oppose a motion was clearly deliberate, a motion to dismiss should not be granted solely on the basis that it was not opposed.  *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (finding that if a motion to dismiss is granted solely because it has not been opposed, the case is "not being dismissed because the complaint has failed to state a claim upon which relief may be granted…" but rather "it is dismissed as a sanction for failure to comply with the local court rule.").  Because the Court cannot ascertain Plaintiff's reasons for failing to respond to Defendant's motion and is cognizant of Plaintiff's *pro se* status, the Court will fully consider the merits of Plaintiff's Complaint and of Defendant's motion.

### C.      Fair Credit Reporting Act
Plaintiff alleges that Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.  (Pl. Cmplt. ¶ 1).  However, Defendant argues in its motion to dismiss that Plaintiff has failed to state an actionable claim pursuant to the FCRA.  (Dft. Br. at 8).
The FCRA was designed to ensure that consumer reporting agencies, who share consumer credit information with the public, employ fair and reasonable procedures with respect to the dissemination and use of that information.  15 U.S.C. § 1681(b).  The FCRA also imposes duties on DCAs such as Defendant, who provide consumer reporting agencies with consumer credit information.  These duties under the FCRA require DCAs to provide accurate information and to take action upon learning of potential inaccuracies contained within a credit file.  15 U.S.C. § 1681s-2(a)(1), (3).  When a consumer disputes credit information to the DCA directly, the DCA must inform any party with whom it shares the information that it has been disputed.  *Id*. at § 1681s-2(a)(3).  When a consumer disputes information with a consumer reporting agency and the agency informs the DCA, the DCA must conduct a reasonable investigation of its files to verify the information and take appropriate actions in accordance with the results of the investigation.  *Id.* at § 1681s-2(b)(1).  A DCA can be found liable for failure to conduct a reasonable investigation or act accordingly.  *Id.; see also Dimedio v. HSBC Bank,* 2009 WL 1796072 at *3 (D.N.J.), citing *Martinez v. Granite State Mgmt. and Res.,* 2008 WL 5046792 at *3 (D.N.J.).

Here, Plaintiff alleges only that NCO furnished information about his credit files to various consumer reporting agencies.  (Pl. Cmplt. ¶ 2).  Defendant does not deny this. However, Plaintiff does not allege that he disputed any of the debts reported by NCO, that NCO failed to conduct a reasonable investigation upon notice of a dispute, or even that any of the reported debts were invalid or inaccurate.  Therefore, Plaintiff has alleged no act or omission that states a claim under the FCRA.  As such, Plaintiff's claim fails and must be dismissed.

### D.      Fair Debt Collection Practices Act

Plaintiff also alleges that Defendant violated the Fair Debt Collection Practices Act.  Defendant moves to dismiss this count for failure to state a claim.  (Dft. Br. at 4). The FDCPA's purpose is to "eliminate abusive debt collection practices" and prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including "the false representation of the character, amount, or legal status of the debt."  15 U.S.C. § 1692(e), (2)(A).

Here, Plaintiff does not allege that NCO used any false, deceptive, or misleading representations or means.  Indeed, all Plaintiff alleges is that Defendant reported his debt to various consumer reporting agencies.  (Pl. Cmplt. ¶ 2).  Debt collection agencies such as Defendant routinely report debts to consumer reporting agencies, and the plain language of the FDCPA expressly permits them to do so.  *See* 15 U.S.C. § 1692(d) (stating that a debt collector may not share the names of consumers with allegedly outstanding debts "except to a consumer reporting agency").  Moreover, it is well settled that the mere attempt to collect on a debt does not violate the FDCPA.  *See Pollice v. National Tax Funding, LP*, 225 F.3d 379 (3d Cir. 2000) (an attempt to collect a debt violates the FDCPA only if prohibited practices were used).  Plaintiff has failed to state a claim pursuant to the FDCPA.  This claim must be dismissed.

### E.      Allegation that NCO is not Licensed to Collect Debts in New Jersey

Plaintiff next alleges that NCO is not licensed to collect debts in New Jersey.  (Pl. Cmplt. ¶ 4).  Defendant argues that this allegation also fails to state a claim for which relief can be granted, because debt collectors are not required to be licensed in New Jersey.  (Dft. Br. at 6).  N.J.S.A. 45:18-1 requires only that debt collectors post bonds in order to engage in debt collection within the state.  Plaintiff does not allege that Defendant failed to comply with New Jersey's bond requirements.[4]  Therefore, this claim also fails and must be dismissed.

### F.      Allegation with Respect to Statute of Limitations

Although it is unclear from the language of the Complaint, Plaintiff also appears to allege that NCO attempted to collect a debt for which the statute of limitations had

---

[4] Nor could Plaintiff credibly allege this, as  while not necessary to the resolution of this claim, Defendant has provided an affidavit from a senior NCO paralegal stating that at all times relevant to this litigation, NCO was in full compliance with all statutory bond requirements for debt collection in the state of New Jersey.  See Affidavit of Jacqueline Canavier dated July 8, 2009.

expired, and that this constituted a violation of the FDCPA.  (Pl. Cmplt. ¶ 4).  As Defendant notes, Plaintiff provides no information with respect to when the debt in question arose or when NCO's collection efforts took place.  (Dft. Br. at 6-7).  However, even assuming that NCO attempted to collect a debt for which the six year statute of limitations had expired, it is well settled that this does not violate the FDCPA.  While a statute of limitations may bar the use of judicial remedies to enforce a particular right, it does not eliminate the underlying right.  *Davis v. Mills*, 194 U.S. 451, 456 (1904).  Therefore, even if NCO could no longer sue Plaintiff in court to collect on the debt (which it has not attempted to do), the running of the statute of limitations would not eliminate the debt itself nor the debt collector's right to contact the consumer in an attempt to collect the debt.  There is no cause of action for attempting to collect an expired debt and therefore this claim must also be dismissed.

### G.    Defamation Claim

Plaintiff also alleges that Defendant has "caused Defamation of Character contrary to law."  (Pl.Cmplt. ¶ 1).  The elements of a defamation claim, in addition to damages, are: (1) the defendant made a defamatory statement of fact; (2) of or concerning the plaintiff; (3) which was false; (4) which was communicated to persons other than the plaintiff; and (5) there was fault.  *Zheng v. Quest Diagnostics*, 248 Fed.Appx. 416, 418 (2007); *Feggans v. Billington,* 291 N.J.Super. 382, 390 (1996).  Plaintiffs must satisfy their burden of proof for each of the elements of defamation by clear and convincing evidence.  *Hornberger v. American Broadcasting Cos., Inc.,* 351 N.J.Super. 577, 598 (2002).

Here, Plaintiff does not provide any evidence of defamation at all.  Indeed, the Complaint is devoid of any facts in support of, or even pertaining to, a claim of defamation.  As Defendant notes with respect to the FCRA and FDCPA claims, Plaintiff has not alleged that any of the statements made by Defendant are false.  (Dft. Br. at 5, 8).  Therefore, this claim also fails and must be dismissed.


## III.   CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.  An appropriate order follows.


                                      /s/ William J. Martini
                              **WILLIAM J. MARTINI, U.S.D.J.**